HARTSHORN v. SCHOFF.

The decision of a full board of three fence-viewers is not rendered invalid by the omission of one of them to take the oath prescribed by Gen. St., c. 128, s. 17.

REVIEW, of the action reported in 51 N. H. 316. There were three fence-viewers. They were all present at the hearing, made the decision, and signed the report; but only two of them took the oath prescribed by Gen. St., c. 128, s. 17. The defendant objected, that for this reason their action was invalid; but the court overruled the objection, and the defendant excepted. Verdict for the plaintiff, and motion by the defendant for a new trial.

*Ray, Drew & Jordan* and *Whidden*, for the plaintiff.

*Fletcher & Fletcher* and *W. & H. Heywood*, for the defendant.

STANLEY, J. A majority were competent to decide. If, then, the fence-viewer who did not take the oath had not acted, the decision of the other two would have been valid. Gen. St., c. 1, s. 14; *Sanborn* v. *Fellows*, 22 N. H. 473, 490; *Hall* v. *Manchester*, 39 N. H. 295, 302; *Northern Railroad* v. *Concord Railroad*, 50 N. H. 198, 200. If he had acted, and concurred in the decision, but had not signed the report, the decision would have been valid. *Butler* v. *Washburn*, 25 N. H. 251, 256. If he had dissented, the validity of the decision of the majority would not have been affected by his dissent. He could not nullify the action of the majority by dissenting. If he could do this by being present at the hearing and concurring in the decision, and then refusing or neglecting to take the oath as the statute required, the law authorizing a majority to decide is of no practical use, since it is in the power of the minority, by concurring in the decision and refusing to take the oath, to defeat the statute. It could not have been the intention that the concurrence of the minority should be more effectual than their dissent in defeating the action of the majority.

                                                   *Judgment on the verdict.*